Jeffrey A. Wurst, Esq.
RUSKIN MOSCOU FALTISCHEK, P.C.
1425 RXR Plaza
Uniondale, New York 11556
(516) 663-6600

*Attorney for Forest Capital LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

In re:

CONTINUITYX, INC., *et al.* ,

      Debtors.

-------------------------------------------------------X
ROBERT L. GELTZER, AS CHAPTER 7
TRUSTEE OF CONTINUITYX, INC.,
CONTINUITYX SOLUTIONS, INC. AND
METAMORA CLOUD SERVICES, INC.

      Plaintiff,

vs.

FOREST CAPITAL LLC and ACCUCREDIT
ASSOCIATES L.L.C.,

      Defendants.
-------------------------------------------------------X

Case No. 13-10458 (REG)

Chapter 7

Adv. Pro. No. 13-01358 (REG)

### OBJECTION TO PLAINTIFF-TRUSTEE'S MOTION FOR ENTRY OF AN ORDER APPROVING APPOINTMENT OF MEDIATOR AND SCHEDULING MEDIATION IN THIS ADVERSARY PROCEEDING

  Forest Capital LLC ("Forest"), by its attorney, Ruskin Moscou Faltischek, P.C., objects to the Plaintiff-Trustee's Motion for Entry of an Order Approving Appointment of a Mediator and Scheduling Mediation in this Adversary Proceeding (the "Motion") filed with this court on December 4, 2014 (under ECF DOC 36) as follows:

1

1.     Since November, 1993, when late Chief Judge Lifland issued General Order 117, the first General Order *In re: Procedures Governing Mediation of Matters in Bankruptcy Cases and Adversary Proceedings* – long before it was a practice in other courts - this Court has advocated and even required alternative dispute resolution as a method of bringing about a negotiated settlement in bankruptcy matters.  It cannot be disputed that mediation is an effective tool utilized to resolve issues between litigants.

2.     Nevertheless, under the Mediation Procedures established by the Local Rules, a motion seeking to compel mediation "must be made *promptly* after filing the initial document in the matter." Mediation Procedures, Rule 1.1 (emphasis added).  As set forth below, the Trustee waited until long after this case was commenced and shortly before the scheduled Hearing on Forest's Motion to Dismiss the Second Amended Complaint to finally make his motion.  Under these circumstances, it is respectfully submitted that the interests of fairness and judicial economy would best be served by proceeding with the Motion to Dismiss.

3.     Following the service and filing of the instant motion to dismiss the Trustee's Second Amended Complaint – over a year after his Amended Complaint had been dismissed with leave to replead and months after the court conference resulting in the Scheduling Order establishing the deadlines for a motion to dismiss the Second Amended Complaint – the Trustee's counsel first proposed that the parties submit to mediation.  Upon due consideration and after conferring with our client, the undersigned responded to the Trustee's counsel that, in the unlikely event the instant motion to dismiss did not result in a dismissal of the Second Amended Complaint, Forest would then consent to mediation.  Now that the Motion to Dismiss had been served and filed and the bulk of Forest's work had been completed, we suggested that,

in fairness Forest, it would be best to wait and see if the Second Amended Complaint survived the motion to dismiss – something we considered to be doubtful.

4. Thereafter, the Trustee's counsel filed his objection to Forest's motion to dismiss and then waited nearly an additional three weeks – until the day before Forest's time to file its Reply – before bringing his motion requesting mediation.

5. It is respectfully submitted that, under these circumstances, the most effective and efficient course of action is to proceed with the Motion to Dismiss and have the Court determine the sufficiency of the allegations in the Second Amended Complaint. In the unlikely event that this Court denies the Motion to Dismiss, mediation would then be appropriate.

**WHEREFORE**, Forest respectfully requests that this Court deny the Motion.

Dated: December 9, 2014
Uniondale, New York

                              RUSKIN MOSCOU FALTISCHEK, P.C.
                              *Attorney for Forest Capital LLC*


                              By:  /s/ Jeffrey A. Wurst
                                  JEFFREY A. WURST
                                  ROBERT F. REGAN
                                  1425 RXR Plaza
                                  Uniondale, NY 11556
                                  516 663 6535

607174